UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD DEAN YOUNG, | Case No.: 3:21-cv-00244-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 17, 20 |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration, | |
| Defendant | |

Before the court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 17.) The Acting Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's motion. (ECF Nos. 20, 21.) Plaintiff filed a reply. (ECF No. 22)

For the reasons set forth below, Plaintiff's motion is granted; the Acting Commissioner's cross-motion is denied; and this matter is remanded for further proceedings consistent with this Order.

**I. BACKGROUND**

On March 22, 2018, Plaintiff completed applications for disability insurance benefits (DIB) under Title II of the Social Security Act and for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning on November 1, 2017. (Administrative Record (AR) 243-250.) The applications were denied initially and on reconsideration. (AR 173-177, 178-185.)

Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ William Kurlander held a hearing on September 30, 2020. (AR 75-.102) Plaintiff, who was represented

by counsel, appeared, and testified on his own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On October 22, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-40.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g).

## II. STANDARDS

### A. Five-Step Evaluation of Disability

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly

limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s),

and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant is unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also*

*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm

the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 1, 2017. (AR 31-32.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: knee disorder, neck disorder, shoulder disorder, seizure disorder, chronic pain syndrome, migraine headaches, and substance use disorder. (AR 32.)

At step three, the ALJ determined that even with his substance use, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 32.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform light work except he could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; he can occasionally balance, stoop, kneel, crouch and crawl and reach overhead; he could occasionally be exposed to atmospheric irritants such as dusts, odors, gases, and fumes; he could frequently work around moving machinery and never work at exposed heights; and he would be off task 15 percent of the workday due to substance use. (AR 33.)

The ALJ then concluded Plaintiff was unable to perform any past relevant work. (AR 36.)

At step five, the ALJ determined that considering Plaintiff's age, education, work experience and RFC, including his substance use disorder, there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform while he used substances. (AR 36.)

If, however, Plaintiff stopped using substances, he would have the same RFC, but he would be off task five percent of the workday due to symptomology instead of 15 percent with substance use. (AR 38.) Not using substances, Plaintiff would still be unable to perform his past relevant work.  However, considering the claimant's age, education, work experience and RFC, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: Material Distributor, Cashier II, and Assembler. (AR 39.)

As such, the ALJ found that Plaintiff was not disabled if he stopped the substance use. (AR 40.)

**B. Medical Evidence & Plaintiff's RFC**

Plaintiff argues the ALJ failed to properly evaluate the medical evidence in assessing his RFC. Plaintiff contends these opinions cannot constitute substantial evidence to support the ALJ's RFC assessment because these physicians did not have the opportunity to review the entire medical record. The State agency last reviewed the evidence on May 1, 2019, but later records demonstrate Plaintiff would have greater functional limitations due to his physical impairments. Specifically, Plaintiff had three surgeries after the State agency physicians reviewed Plaintiff's records: 1) cervical spine surgery on September 12, 2019; 2) another cervical spine surgery on December 16, 2019; and 3) left knee surgery on June 18, 2020.

Plaintiff further argues that the ALJ improperly discounted the opinions of his treating physician, Dr. Amanda Magrini, who was the only medical source to address Plaintiff's physical limitations after May 1, 2019. Plaintiff asserts Dr. Magrini's opinions are consistent and supported by the treatment record, and Dr. Magrini has a long-time treatment relationship with Plaintiff. Considering Dr. Magrini's opinions, Plaintiff maintains he has an RFC for no more than sedentary exertion, which results in a finding of disability.

The Acting Commissioner argues that the ALJ properly evaluated the medical opinion evidence under the new regulations. The Acting Commissioner contends that even if time lapsed between the State agency review and the ALJ's decision, the ALJ's conclusions remained consistent with subsequent evidence. Plaintiff had ongoing complains of neck pain and stiffness, and the ALJ accounted for that in the limit for overhead reaching. In addition, the Acting Commissioner asserts that after the second cervical spine surgery, Plaintiff reported that his radicular symptoms were "basically gone." With respect to the left knee, the Acting Commissioner states that treatment records in 2018 showed normal range of motion and strength, intact neurological functioning and normal gait, and subsequent evidence portrayed similar findings.

In his reply, Plaintiff argues these are post hoc rationalizations for the ALJ's error.

**1. State Agency Physicians**

At the initial level, Chris Nurre, M.D., concluded there was insufficient functional information to make a determination regarding Plaintiff's RFC. (AR 109, 119-120.) On reconsideration, E. Christian, M.D., assigned Plaintiff a light RFC with an additional limitation to occasional overhead reaching. (AR 135, 140-141.)

The ALJ adopted this RFC, with the added limitation that Plaintiff would be off task 15 percent of the time with substance use, and five percent of the time without substance use. (AR 33, 38.)

After Dr. Christian completed his review of Plaintiff's records and issued his opinions (which are dated February 13, 2019), Plaintiff underwent two additional cervical spine surgeries in September and December of 2019, as well as left knee surgery in June of 2020. (AR 1037, 1797, 1808.) The issue is whether there is substantial evidence to support the ALJ's RFC given

that Dr. Christian's opinions, on which the RFC is based, do not account for the subsequent medical evidence.

In *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985), the claimant had progressive degenerative neuropathic joint disease. In considering the claimant's RFC, the ALJ relied on medical reports from July and August of 1980, and the agency doctors' conclusions were based on those and earlier reports. Subsequent records indicated further degenerative changes. *Id*. at 432. The Ninth Circuit held that the earlier reports did not constitute substantial evidence to rebut the conclusions in the subsequent records, and the agency doctors' conclusions, "made without examining [the claimant] or reviewing the [most recent] reports [were] entitled to even less weight." *Id*.

Here, Plaintiff's condition, both with respect to his cervical spine and left knee, deteriorated after Dr. Christian completed his review of the medical records. The Acting Commissioner argues that the cervical spine findings after the 2019 surgeries are consistent with the records Dr. Christian reviewed. However, the only record after the latest surgery in December of 2019 is from roughly one month after the surgery and contains very minimal findings.

With respect to the left knee, the Acting Commissioner argues that Plaintiff had greater functional limitations because he was unable to find a surgeon willing to perform the surgery, and not because of a worsening of his symptoms. The medical evidence, however, demonstrates there was a worsening in his condition. In 2020 alone, Plaintiff's pain level increased.

The ALJ did not order a consultative examination or request a medical expert review the record to determine the extent of Plaintiff's functional impairments with respect to his cervical spine and left knee following his surgeries in 2019 and 2020. As will be discussed below, Dr.

Magrini had the benefit of reviewing the subsequent evidence, and she opined Plaintiff was more limited than Dr. Christian opined. The question remains whether the subsequent medical evidence may change Dr. Christian's findings. As it stands, the court finds the ALJ's RFC assessment is not based on substantial evidence, and this matter should be remanded for consideration of the subsequent medical evidence, and if necessary, a consultative examination to determine the extent of Plaintiff's functional limitations.

**2. Dr. Magrini**

Dr. Magrini filled out a treating physician questionnaire. She stated that Plaintiff has osteoarthritis in multiple joints which makes working difficult. He also suffers from severe spasms in the left shoulder at the neck. She opined Plaintiff would need a job that requires shifting positions at will from sitting to standing or walking. In addition, Plaintiff would need to take unscheduled breaks once an hour. She concluded that he could sit, stand, or walk for less than 2 hours in a workday. He could occasionally lift less than 10 pounds. His impairments are likely to produce good days and bad days, and she estimated that Plaintiff would be absent more than four days per month. (AR 2084-2086.)

The ALJ found Dr. Magrini's opinions unpersuasive because: (1) Dr. Magrini did not address Plaintiff's substance abuse and its effects on his RFC, and (2) Dr. Magrini did not provide sufficient citations to objective findings to support such severe physical limitations. (AR 38.)

New regulations were adopted for evaluating medical evidence in social security cases that apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. pts. 404, 416. Prior to the adoption of these regulations, there was a hierarchy applied to evaluate medical opinions with treating physicians given substantial weight, examining physicians were given greater weight

than non-examining physicians, and physicians who only review the record were given less weight than treating or examining physicians. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). "To reject either a treating or examining physician's opinion, an ALJ [had to] provide 'clear and convincing reasons,' if the opinion is uncontradicted by other evidence, or 'specific and legitimate reasons' otherwise, and the reasons must be supported by substantial evidence." *Id*. (citing *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)). The opinion of a non-examining or reviewing physician could not "'by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.'" *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)).

Under the new regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over a [a claimant's] own medical source(s), and vice versa." *Id*. at 791 (quotation marks and citation omitted). "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency'." *Id*. (citing 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant … objective medical evidence.'" *Id*. at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent … with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

One of the reasons given by the ALJ for finding Dr. Magrini's opinions unpersuasive is supportability: Dr. Magrini did not sufficiently cite objective findings to support such severe physical findings. The court agrees. The ALJ did not, however, discuss whether Dr. Magrini's opinions were consistent or inconsistent with the other medical evidence in the record. In failing to do this, the ALJ erred because "[t]he agency must 'articulate … how persuasive' it finds 'all

of the medical opinions' from each doctor or other source …, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings[.]" *Id*. (citing 20 C.F.R. § 404.1520c(b)(2)).

Plaintiff further argues the ALJ erred in not considering Dr. Magrini's treating relationship with Plaintiff.

The new regulations acknowledge "that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion." *Id*. (citing 20 C.F.R. § 404.1520c(c)(3)). The ALJ is no longer required to make specific findings on this factor. *Id*. (citing 20 C.F.R. § 404.1520c(b)(2) ("We *may, but are not required to*, explain how we considered the [relationship] factors … when we articulate how we consider medical opinions … in your case record.").

"A discussion of relationship factors may be appropriate when 'two or more medical opinions … about the same issue are … equally well-supported … and consistent with the record … but are not exactly the same.'" *Id*. (citing 20 C.F.R. § 404.1520c(b)(3)). This is not a case where two or more medical opinions on the same issue are equally well-supported because, as was pointed out above, Dr. Magrini's opinions were not well supported. Nevertheless, it may be appropriate on remand to consider the relationship factors in light of any new opinion evidence.

**C. Substance Use**

Plaintiff argues the ALJ failed to properly consider Plaintiff's physical impairments and substance use under Social Security Ruling (SSR) 13-2p. Plaintiff contends the ALJ did not cite to any evidence that substance use exacerbated Plaintiff's physical symptoms or that his physical impairments would improve absent substance use. Instead, Plaintiff claims that the evidence demonstrates he would still be disabled due to his physical impairments absent substance use.

The Acting Commissioner argues that the ALJ found, as a whole, that Plaintiff was more capable than alleged, except when he was using methamphetamines. (AR 35.). In addition, the Acting Commissioner points out the ALJ did not find that substance abuse exacerbated Plaintiff's physical symptoms or that his physical impairments would improve absent substance abuse. Instead, the ALJ found substance abuse would lead Plaintiff to be off task 15% of the workday and prevent him from working.

A 1996 amendment to the Social Security Act provides that "[a]n individual shall not be considered disabled … if alcoholism or drug addiction would … be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). When this is relevant, an ALJ must conduct a drug and alcohol abuse (DAA) analysis and determine whether the claimant's disabling limitations remain in the absence of drug and alcohol abuse. 20 C.F.R. §§ 404.1535, 416.935. This is a two-step process. *See Bustamonte v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

First, the ALJ must conduct the sequential five-step inquiry used to evaluate disability "without separating out the impact of alcoholism or drug addiction." *Id*. at 955. "If the ALJ finds the claimant is not disabled under the [initial] five-step inquiry, then the claimant is not entitled to benefits" and the ALJ need not proceed to the second step. *Id*.

Second, if the ALJ finds the claimant disabled after the initial five-step inquiry and there is medical evidence of drug addiction or alcoholism, the ALJ must conduct the five-step inquiry again. However, this time the ALJ must separate out the impact of the drug addiction or alcoholism, to determine whether drug addiction or alcoholism is a contributing factor material to the disability determination. *Id*. "The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether an

individual would still be found disabled if [he or she] stopped using alcohol or drugs." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998); *see also* 20 C.F.R. §§ 404.1535, 416.935; SSR 13-2p, 2013 WL 621536.

The ALJ "will evaluate which of [the claimant's] current physical and mental limitations … would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

Here, the ALJ found that Plaintiff would be off task 15 percent of the workday with substance abuse, and he would be off task only 5 percent of the workday if he was not using substances. (AR 33, 38.) While the burden is on the claimant to prove drug or alcohol addiction is not a contributing factor to his or her disability, *Parra v. Astrue*, 481 F.3d 742, 748, here, the ALJ's decision contains no explanation of how he arrived at his conclusion regarding the impact of substance use on Plaintiff's ability to work. In other words, the ALJ did not explain why Plaintiff would be off task 15 percent of the time when he was using substances, and conversely, why this would be reduced to 5 percent if Plaintiff was not using substances. This prevents the court from determining whether this part of the ALJ's analysis is supported by substantial evidence. Therefore, remand is appropriate for the ALJ to articulate an explanation supported by substantial evidence for these findings.

**D. Remand**

Plaintiff argues the court should reverse the ALJ's decision and award benefits, or in the alternative, remand for proper evaluation of the evidence. The Acting Commissioner, on the other hand, contends that an award of benefits is improper.

"A district court may 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing,'" "but 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). In order to remand for an award of benefits, certain prerequisites must be met. *Dominguez*, 808 F.3d at 407 (citing *Burell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)). First, the court must "determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id*. If it does, the court "must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Id*. (quoting *Treichler*, 775 F.3d at 1101).

If the court concludes the record is fully developed and there are no outstanding issues to be resolved, it must consider whether "'the ALJ would be required to find the claimant disabled on remand' if the 'improperly discredited evidence were credited as true.'" *Id*. If so, the court may exercise its discretion to remand for an award of benefits. *Id*. The court is not required to exercise such discretion. *Id*. (citing *Connett v. Barnhart*, 340 F.3d 871, 874-76 (9th Cir. 2003); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)). The court may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Id*. at 408 (quoting *Burell*, 775 F.3d at 1141)).

Here, the ALJ made legal errors; however, not all essential factual issues have been resolved. The newer medical evidence concerning Plaintiff's 2019 and 2020 surgeries and any subsequent treatment must be reviewed to determine the status of Plaintiff's functional limitations. The ALJ must also determine whether Dr. Magrini's opinions are consistent or

inconsistent with the other medical evidence in the record. Moreover, there is an open question regarding the impact Plaintiff's substance use has on his limitations. For these reasons, remand for further proceedings is proper.

## IV. CONCLUSION

Plaintiff's motion for reversal and/or remand (ECF No. 17) is **GRANTED.**

The Commissioner's cross-motion (ECF No. 20) is **DENIED**;

This matter is **REMANDED** for further proceedings consistent with this Order.

The Clerk shall enter **JUDGMENT** accordingly.

**IT IS HEREBY ORDERED.**

Dated: August 17, 2022

                                                                                        Craig S. Denney
                                                                                        United States Magistrate Judge